USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/06/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                                                     :
KRISTIN LEVY,                                                        :
                                                                     :
                                 Plaintiff,                           :
                                                                     :
                  -against-                                         :      21-CV-9142 (VEC)
                                                                     :
NYC HEALTH + HOSPITALS and MEDICAL                                   :      OPINION & ORDER
STAFFING SERVICES, INC.,                                             :
                                                                     :
                                 Defendants.                          :
                                                                     :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Plaintiff Kristin Levy sued a city-owned hospital and a medical staffing agency for employment discrimination pursuant to Title VII, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), section 1981, and section 1983. Am. Compl., Dkt. 26. The Court granted in part Defendants' motion to dismiss as to all claims except as to Plaintiff's hostile work environment and retaliation claims pursuant to Title VII and section 1981 against Defendant NYC Health + Hospitals ("the Hospital"). Op., Dkt. 47. The Hospital moved for partial reconsideration or clarification of the portion of the Opinion relating to Plaintiff's section 1981 claim; Plaintiff moved to reinstate the claims that had been dismissed. Hospital Letter, Dkt. 48; Pl. Mem., Dkt. 52. Defendants opposed Plaintiff's motion,[1] but Plaintiff did not oppose the Hospital's motion for clarification. Hospital Mem., Dkt. 53; MSSI Opp., Dkt. 54; Pl. Reply, Dkt. 55 at 1. For the reasons discussed below, the Hospital's motion for clarification is GRANTED and its motion for reconsideration is DENIED as moot; Plaintiff's motion is DENIED.

---

[1]     The Hospital did not oppose Plaintiff's motion to introduce evidence in support of a finding that there is subject matter jurisdiction as to her NYCHRL and NYSHRL claims but otherwise opposed the motion for reconsideration of the Court's decision dismissing those claims. Hospital Mem., Dkt. 53 at 1.

## DISCUSSION

### I. The Hospital's Motion for Clarification Is Granted

"[A] motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Mccaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022) (internal quotation omitted). The Hospital moved for reconsideration or clarification as to whether any claims asserted brought against it pursuant to section 1981 remained following the Court's Opinion granting in part Defendants' motion to dismiss. Hospital Letter at 1. Although the Court's Opinion stated that the Hospital's motion to dismiss was granted "except as to Plaintiff's . . . section 1981 claims," Plaintiff amended her complaint to withdraw her section 1981 claims against the Hospital, and to the extent that the Amended Complaint may be construed as asserting any such claims against the Hospital, Plaintiff does not pursue those claims. Op. at 1; *see also* Pl. Reply at 1; *see also* Am. Compl. ¶¶ 62–69; Redlined Am. Compl., Dkt. 27 ¶¶ 62–69. In sum, there are no live section 1981 claims against the Hospital. Accordingly, the Hospital's motion for clarification is GRANTED, and the motion for reconsideration is DENIED as moot.

### II. Plaintiff's Motion for Reconsideration

#### A. Legal Standard

The standard under which courts evaluate a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may be granted if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation omitted); *see also Sigmon v. Goldman Sachs*

*Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) ("[A] party moving for reconsideration must set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" (quoting Local Civil Rule 6.3)). Whether to grant a motion for reconsideration is a decision within "the sound discretion of the district court . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation omitted).

"A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016) (collecting cases). As such, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257. "Relatedly, newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." *Marhone v. Cassel*, No. 16-CV-4733, 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021) (cleaned up). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citation omitted).

### B. Plaintiff's Motion for Reconsideration Is Denied

Ms. Levy first seeks reconsideration of the portion of the Court's Opinion dismissing her claims brought pursuant to the NYCHRL and the NYSHRL because the Court lacked subject matter jurisdiction over those claims pursuant to the election of remedies doctrine. Pl. Mem. at 1. Plaintiff previously brought those claims to the New York City Commission on Human Rights ("NYCCHR"). Am. Compl. ¶ 50. As the Court previously noted, federal courts only have subject matter jurisdiction over claims brought before the NYCCHR if the complaint was dismissed for administrative convenience, untimeliness, or if the election of remedies is

annulled.  *See* Op. at 4; *Bryan v. Mem. Sloan Kettering Cancer Ctr.*, No. 18-CV-1300, 2022 WL 4096862, at *7 n.2 (S.D.N.Y. May 18, 2022) (cleaned up).

In her pleading, Ms. Levy asserted that the NYCCHR "granted [her] an administrative closure," Am. Compl. ¶ 51, but did not allege that "[t]he Administrative Closure order . . . indicat[ed] that the dismissal of plaintiff's complaint was for 'administrative convenience,'" *Hourahan v. Ecuadorian Line, Inc.*, No. 95-CV-10698, 1997 WL 2518, at *7 (S.D.N.Y. Jan. 3, 1997) (dismissing plaintiff's NYSHRL claims under the election of remedies doctrine).  *See also Adeniji v. Harman Firm, LLP*, No. 19-CV-8032, 2022 WL 254939, at *3–4, *4 n.7 (Jan. 27, 2022).  Because Plaintiff failed to carry her burden of demonstrating that this Court has subject matter jurisdiction, *see Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), the Court held that it lacked subject matter jurisdiction over her NYCHRL and NYSHRL claims.

Ms. Levy now seeks to introduce the NYCCHR letter dismissing her NYCHRL and NYSHRL claims as evidence that those claims were dismissed for administrative convenience. *See* Pl. Mem. Ex. 1.  She does not, however, suggest that the letter, which is dated September 14, 2021, was previously unavailable to her or otherwise explain her failure timely to allege sufficient facts to establish subject matter jurisdiction.  Accordingly, the Court will not consider it now.[2]  *See id.*; *Marhone*, 2021 WL 142278, at *2.

The balance of Plaintiff's motion for reconsideration largely repeats her arguments that the Amended Complaint adequately alleges a claim for racial discrimination.  *See, e.g.*, Pl. Mem. at 3–4.  The Court extensively considered and rejected these arguments in its prior Opinion

---

[2] Although the Hospital does not oppose Plaintiff's request to introduce this letter and agrees with Plaintiff that it would establish the existence of subject matter jurisdiction over her NYCHRL and NYSHRL claims, no agreement between the parties can alter the legal standard applicable to a motion for reconsideration.  Hospital Mem. at 1.

holding that Plaintiff failed plausibly to plead facts supporting her section 1981, section 1983, and Title VII racial discrimination claims against the Defendants,[3] and it will not rehash that discussion here.

Ms. Levy newly argues that her claims should be evaluated under a "cat's paw" theory of liability, according to which Ms. Dimri manipulated Ms. Coard into terminating Plaintiff's employment.[4]  Pl. Mem. at 5.  The "cat's paw" theory permits courts to hold employers liable when an employee who harbored discriminatory animus manipulates a supervisor, who herself is free from discriminatory animus, into taking an adverse employment decision.  *See Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 272 (2d Cir. 2016).  A motion for reconsideration is not the vehicle to advance new legal theories that were previously available to the moving party, and the Court will not consider this argument now.  *See Bloomfield Inv. Res. Corp. v. Daniloff*, No. 17-CV-4181, 2021 WL 2310446, at *2 (S.D.N.Y. June 7, 2021).  Even if the Court were to consider this argument, however, it would fail because Plaintiff has pled no facts that would allow the Court plausibly to infer that Ms. Dimri manipulated Ms. Coard into taking an adverse employment decision.  *See Vasquez*, 835 F.3d at 272; *compare McDonough v. New York City Dep't of Educ.*, No. 16-CV-4272, 2018 WL 4636834, at *2, *5 (S.D.N.Y. Sept. 27, 2018) (holding that the plaintiff plausibly alleged a cat's paw theory of liability where he alleged that

---

[3]   Ms. Levy asserts that she was not required to allege more than "information and belief" as to her claim that she was replaced by an individual who was not Black and had a lighter skin color. Pl. Mem., Dkt. 52 at 5. Although pleading facts based on information and belief can be sufficient in employment discrimination suits where the relevant facts are particularly with the defendant's possession or control, a plaintiff still must support these allegations "with a statement of facts that create a plausible inference of their truth." *See Moore v. City of New York*, No. 15-CV-6600, 2017 WL 35450, at *23 (S.D.N.Y. Jan. 3, 2017). As the Court previously explained, Plaintiff did not do so. Op., Dkt. 47 at 11.

[4]   The "cat's paw" reference "derives from an Aesop fable . . . in which a wily monkey flatters a naïve cat into pulling roasting chestnuts out of a roaring fire for their mutual satisfaction," but the monkey devours all the chestnuts and leaves the beleaguered cat with nothing more than a burnt paw. *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 (2d Cir. 2016).

the decision to terminate him was based in part on performance reviews colored by discriminatory animus).

## CONCLUSION

For the foregoing reasons, the Hospital's motion for clarification is GRANTED, the Hospital's motion for reconsideration is DENIED as moot, and Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the open motions at docket entries 48 and 52.

The parties' joint letter and proposed case management plan, as described at docket entry 23, are due on **July 20, 2023**. The parties are ordered to appear for an initial pretrial conference on **Friday, July 28, 2023, at 10 A.M.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

**SO ORDERED.**

**Date:  July 6, 2023**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**